

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Sean M. Sherman                                            *970 Broad Street*
*Assistant United States Attorney*                         *Newark, New Jersey 07102*
*Direct Dial: (973) 645-2733*

SMS/JSF/PLEA.AGR
2017R00221

September 18, 2020

Jeffrey H. Sloman, Esq.
Stumphauzer, Foslio, Sloman, Ross
    & Kolaya PLLC
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2550
Miami, FL 33131

        Re:  <u>Plea Agreement with Andrew McCubbins</u>
                Criminal No. 20-826

Dear Mr. Sloman:

        This letter sets forth the plea agreement between your client, Andrew McCubbins ("MCCUBBINS"), and the United States Attorney for the District of New Jersey ("this Office"). The Office's offer to enter into this plea agreement will expire on September 18, 2020, if a signed copy is not received by this Office on or before that date.

<u>Charges</u>

        Conditioned on the understandings specified below, this Office will accept a guilty plea from MCCUBBINS to a three-count Information, charging him with conspiring to: (1) pay remuneration contrary to the federal health care program anti-kickback statute, contrary to 42 U.S.C. § 1320a-7(b)(2)(A), (B), in violation of 18 U.S.C. § 371; (2) commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349; and (3) commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If MCCUBBINS enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MCCUBBINS for, from in or about October 2018 through in or about July 2019, conspiring to, in connection with orders for genetic tests, pay kickbacks and bribes in violation of the federal health care program anti-kickback statute, commit health care fraud, and commit wire fraud.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, MCCUBBINS agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by MCCUBBINS may be commenced against him, notwithstanding the expiration of the limitations period after MCCUBBINS signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count One to which MCCUBBINS agrees to plead guilty carries a statutory maximum penalty of 5 years' imprisonment and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1349 charged in Count Two to which MCCUBBINS agrees to plead guilty carries a statutory maximum penalty of 10 years' imprisonment and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1349 charged in Count Three to which MCCUBBINS agrees to plead guilty carries a statutory maximum penalty of 20 years' imprisonment and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MCCUBBINS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what

guideline range may be found by the sentencing judge, or as to what sentence MCCUBBINS ultimately will receive.

Further, in addition to imposing any other penalty on MCCUBBINS, the sentencing judge: (1) will order MCCUBBINS to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order MCCUBBINS to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order criminal forfeiture pursuant to 18 U.S.C. § 982(a)(7); and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); (4) may order MCCUBBINS, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (5) pursuant to 18 U.S.C. § 3583, may require MCCUBBINS to serve a term of supervised release of not more than 3 years for each count, which will begin at the expiration of any term of imprisonment imposed.  Should MCCUBBINS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MCCUBBINS may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

MCCUBBINS agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying these offenses.  The calculation of the losses resulting from the offenses of conviction is ongoing.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MCCUBBINS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MCCUBBINS's activities and relevant conduct with respect to this case.

Stipulations

This Office and MCCUBBINS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or

all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MCCUBBINS from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and MCCUBBINS waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, MCCUBBINS agrees to forfeit the following to the United States of America:

(a)     pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, MCCUBBINS obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud offenses charged in Counts One and Two of the Information, and all property traceable to such property; and

(b)     pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds MCCUBBINS obtained that are traceable to the wire fraud conspiracy offense charged in Count Three of the Information, and all property traceable to such property.

MCCUBBINS further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described

above, in an amount to be agreed to by the parties prior to sentencing (the "Money Judgment"). MCCUBBINS consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. MCCUBBINS further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Defendant further consents to the administrative and/or civil judicial forfeiture of any forfeitable specific property (the "Forfeitable Specific Property") pursuant to 18 U.S.C. § 981(C). Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Specific Property and will not cause or assist anyone else in doing so. To the extent Defendant has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Specific Property, such claims or petitions are hereby deemed withdrawn.

MCCUBBINS further understands and agrees that his agreement to forfeit and relinquish his interest in the Forfeitable Specific Property includes his agreement on behalf of his minor child to forfeit and relinquish any interest his minor child may have in the Forfeitable Specific Property.

MCCUBBINS hereby consents to the entry of preliminary orders of forfeiture and orders for the interlocutory sale of the Forfeitable Specific Property pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure and/or Supplemental Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or the Federal Rules of Civil Procedure, as this Office may request. MCCUBBINS further agrees to take all necessary steps to pass clear title to the Forfeitable Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation. MCCUBBINS further agrees that the authorized agent(s) of all limited liability companies or other entities in which MCCUBBINS' interest in the Forfeitable Specific Property is held will execute

necessary documentation on behalf of such entities to effect the sale, forfeiture, and other obligations placed on MCCUBBINS with respect to the Forfeitable Specific Property. MCCUBBINS agrees that he will remain responsible for the prompt payment of property taxes, insurance premiums, and other obligations associated with maintaining and preserving the value of the Forfeitable Specific Property while it is in the possession of himself and/or his family members.

Any forfeited money and the net proceeds from the disposition of the Forfeitable Specific Property will be applied to the Money Judgment, in partial satisfaction thereof. It is further understood and agreed that, after all of the Forfeitable Specific Property is in the possession of the United States Marshals Service and has been liquidated, the Office will cause a percentage of the net proceeds to be transferred in accordance with the terms of a civil settlement to be entered into by the U.S. Department of Justice, Civil Division, Frauds Section (the "Transferred Funds"). A final order of forfeiture will not be entered as to the Transferred Funds, but the amount of the Transferred Funds will be credited towards the Money Judgment.

MCCUBBINS waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MCCUBBINS understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. MCCUBBINS waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of MCCUBBINS's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

MCCUBBINS further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If MCCUBBINS fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that MCCUBBINS has intentionally failed to disclose assets on his Financial Disclosure Statement, MCCUBBINS agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case the Office believes that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies.  It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

MCCUBBINS understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  MCCUBBINS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  MCCUBBINS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  MCCUBBINS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, MCCUBBINS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MCCUBBINS.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against MCCUBBINS.

No provision of this agreement shall preclude MCCUBBINS from pursuing in an appropriate forum, when permitted by law, an appeal, collateral

attack, writ, or motion claiming that MCCUBBINS received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between MCCUBBINS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Rachael A. Honig
First Assistant United States Attorney
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By: _____
        Sean M. Sherman
        J. Stephen Ferketic
        Ryan O'Neill
        Assistant U.S. Attorneys

APPROVED:

_____
Bernard J. Cooney
Acting Chief, Opioid Abuse Prevention
  & Enforcement Unit

I have received this letter from my attorney, Jeffrey H. Sloman, Esq. I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____            Date:  9/21/2020
Andrew McCubbins


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____            Date:    9/21/2020
Jeffrey H. Sloman, Esq.

**Plea Agreement With Andrew McCubbins ("MCCUBBINS")**

**Schedule A**

1. This Office and MCCUBBINS recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and MCCUBBINS nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence MCCUBBINS within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and MCCUBBINS further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Count One**
**(Conspiracy to Violate the Federal Anti-Kickback Statute, 18 U.S.C. § 371)**

3. The applicable guideline is U.S.S.G. § 2X1.1, which specifies that the base offense level from the guideline for the substantive offenses applies. The applicable guideline for the substantive offense—violation of the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2)(A), (B)—is U.S.S.G. § 2B4.1.

4. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

5. Because the value of the improper benefit to be conferred was more than $65,000,000 but not more than $150,000,000, within the meaning of U.S.S.G. § 2B1.1(b)(1)(M), there is an increase of 24 levels. U.S.S.G. § 2B4.1(b)(1)(B).

6. No other specific offense characteristics apply. Accordingly, the total offense level for Count One is 32.

**Count Two**
**(Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349)**

7. The applicable guideline is U.S.S.G. § 2X1.1, which specifies that the base offense level from the guideline for the substantive offense applies. The

applicable guideline for the substantive offense—health care fraud, 18 U.S.C. § 1347—is U.S.S.G. § 2B1.1.

       8.  The Base Offense Level is 6. U.S.S.G. § 2B1.1(a)(2).

       9.  Because the offense involved losses totaling more than $65,000,000 but not more than $150,000,000, under U.S.S.G. § 2B1.1(b)(1)(M), there is an increase of 24 levels.

       10.  Because the defendant was convicted of a Federal health care offense involving a Government health care program, and the loss to the Government health care program is more than $20,000,000, there is an increase of 4 levels under Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(7)(iii).

       11.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(C) applies because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

       12.  No other specific offense characteristics apply. Accordingly, the total offense level for Count Two is 36.

### Count Three
### (Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

       13.  The applicable guideline regarding Count Three is U.S.S.G. § 2X1.1, which specifies that the base offense level from the guideline for the substantive offense applies. The applicable guideline for the substantive offense—wire fraud, 18 U.S.C. § 1343—is U.S.S.G. § 2B1.1.

       14.  The Base Offense Level is 7. U.S.S.G. § 2B1.1(a)(1).

       15.  Because the offense involved losses totaling more than $65,000,000 but not more than $150,000,000, under U.S.S.G. § 2B1.1(b)(1)(M), there is an increase of 24 levels.

       16.  Because the defendant was convicted of a Federal health care offense involving a Government health care program, and the loss to the Government health care program is more than $20,000,000, there is an increase of 4 levels under Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(7)(iii).

       17.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(C) applies because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

18. No other specific offense characteristics apply. Accordingly, the offense level for Count Three is 37.

## Grouping of Multiple Counts

19. The Government and MCCUBBINS agree that, pursuant to U.S.S.G. § 3D1.2(d), Counts One, Two, and Three group together into a single group.

20. Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the group is the offense level corresponding to the aggregated quantity. Accordingly, the combined offense level for Counts One, Two, and Three is 37.

## Acceptance of Responsibility

21. As of the date of this letter, it is expected that MCCUBBINS will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and MCCUBBINS's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

22. As of the date of this letter, it is expected that MCCUBBINS will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in MCCUBBINS's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) MCCUBBINS enters a plea pursuant to this agreement, (b) this Office in its discretion determines that MCCUBBINS's acceptance of responsibility has continued through the date of sentencing and MCCUBBINS therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MCCUBBINS's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater

23. In accordance with the above, the parties agree that the total Guidelines offense level applicable to MCCUBBINS is 34 (the "agreed total Guidelines offense level").

24. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 34 is reasonable.

25. MCCUBBINS knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or

any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

26. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.