2020R01091/MS/PAL/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael E. Farbiarz, U.S.D.J. |
| v. | : | Crim. No. 20-826 |
| ANDREW McCUBBINS, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY *(FINAL AS TO THE DEFENDANT)* |
| Defendant. | : | |

WHEREAS, on or about September 24, 2020, defendant Andrew McCubbins pleaded guilty pursuant to a plea agreement with the United States to a three-count Information, which charged the defendant with conspiracy to violate the federal anti-kickback statute, contrary to 42 U.S.C. §§ 1320a-7b(b)(2)(A) and (B), in violation of 18 U.S.C. § 371 (Count One); conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count Two); and conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count Three). In the plea agreement, the defendant agreed to forfeit to the United States (a) pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud offenses charged in Counts One and Two of the Information; and (b) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, that constitutes or is derived, directly and indirectly, from proceeds the defendant obtained traceable to the wire fraud conspiracy charged in Count Three of the Information, and all property traceable to such property;

WHEREAS, the defendant further agrees to forfeit to the United States all of his right, title, and interest in the the property listed on the attached Schedule A (the "Specific Property"), which the defendant admits has the requisite nexus to the conspiracy offenses charged in the Information;

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

***Forfeited Specific Property***

1. As a result of the defendant's conviction of the conspiracy offenses charged in the Information, pursuant to 18 U.S.C. §§ 982(a)(7) and 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the Specific Property,

which the defendant admits has the requisite nexus to the conspiracy offenses charged in the Information, is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent, or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

4. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title

and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

5. Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

6. Upon adjudication of all third-party interests, and after the defendant is sentenced and the Judgment is entered on the docket, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

***Other Provisions***

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

9. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: May 20, 2026

Honorable Michael E. Farbiarz
United States District Judge

The undersigned hereby consent to the form and entry of this Order:

ROBERT FRAZER
United States Attorney

/s/ Matthew Specht

By: Matthew Specht
Assistant United States Attorney

Dated: 5/19/26

Jeffrey H. Sloman, Esq.
Attorney for Defendant Andrew McCubbins

Dated: 5/20/26

Andrew McCubbins, Defendant

Dated: 5/20/26

## Schedule A

## U.S. v. Andrew McCubbins

1. All funds and other property on deposit in the following accounts:

| No. | Account Name | Bank | Account No. |
|---|---|---|---|
| 1 | Andrew D. McCubbins | American Express High Yield Savings Account | xxxxxxxx2665 |
| 2 | Aperture Medical LLC | Bank of America | XXXXXXXX1041 |
| 3 | Aron Hold | Bank of America | XXXXXXXX4854 |
| 4 | BDM Trust | JPMorgan Chase | XXXXX5381 |
| 5 | BDM Trust | Mountain America Bank | XXX4241 |
| 6 | BDM Trust | Mountain America Bank | XXX4241 |
| 7 | Carbon Copy Hold | Bank of America | XXXXXXXX4870 |
| 8 | CLS CMS | Bank of America | XXXXXXXX4838 |
| 9 | CLS Main | Bank of America | XXXXXXXX4825 |
| 10 | CLS Reserves | Bank of America | XXXXXXXX4896 |
| 11 | Olympus Hold | Bank of America | XXXXXXXX4883 |
| 12 | Pharmxpress | Bank of America | XXXXXXXX4854 |
| 13 | Summerlin | Bank of America | XXXXXXXX0987 |
| 14 | Bronson Medical | Wells Fargo | XXXXXX0977 |
| 15 | ASM Holdings LLC | Bank of America | XXXXXXX7104 |
| 16 | ASM Holdings LLC | Wells Fargo | XXXXXX4751 |
| 17 | Andrew D. McCubbins | Mountain America Bank | XXX9890 |

2. Any and all assets of the following entities:

| No. | Entity |
|---|---|
| 1 | Aperture Medical LLC, f/k/a Nova Health LLC |
| 2 | ASM Holdings LLC |
| 3 | Bronson Medical |
| 4 | Clinical Lab Solutions dba MyTest Diagnostics |
| 5 | Corporate Tr, EIN XX-XXX3829 |

3. All interest held by or for the benefit of the defendant Andrew McCubbins in the following:

| No. | Entity |
|---|---|
| 1 | Apollo Partners |
| 2 | BCF, LLP |
| 3 | $250,000 wire transfer on April 3, 2019 to Equity Trust Foundation |
| 4 | Secured Promissory Note and Agreement dated April 18, 2019 between Andrew McCubbins and Liberation Films LLC |
| 5 | 27% of Andrew McCubbins's interest in Lumen Fund II LP |
| 6 | 37% of Andrew McCubbins's interest in Mercato Partners Growth III |
| 7 | 97% of Andrew McCubbins's interest in Mercato Partners Savory IV LP |
| 8 | Silence Holdings |
| 9 | Viking Man LLC |
| 10 | PharmExpress |

4. The following personal property:

| No. | Asset Type | Asset Description |
|---|---|---|
| 1 | motor vehicle | 2018 Ferrari |
| 2 | motor vehicle | 2019 Lamborghini |
| 3 | motor vehicle | Lamborghini Huracán Super Trofeo Race Car |
| 4 | motor vehicle | 2019 CanAM All Terrain Vehicle |
| 5 | motor vehicle | Snowmobile |
| 6 | motor vehicle | Snowmobiles |
| 7 | motor vehicle | Snowmobiles |
| 8 | motor vehicle | Snowmobile trailer |
| 9 | motor vehicle | 2017 Ford Raptor |
| 10 | motor vehicle | 2018 Ford Raptor |
| 11 | watercraft | Ski Boat |
| 12 | watercraft | Wave-Runner/Surf Board |
| 13 | cash in lieu of real property | $1,665,312 in lieu of forfeiture of 14708 S. Draper Woods Cove, Draper, Utah |
| 14 | cash in lieu of watercraft | $425,000 in lieu of forfeiture of pontoon boat |
| 15 | repayment of gift | Transfer of $50,000 to Cade McCubbins |
| 16 | repayment of gift | Transfer of $92,456.52 to Provident Funding on behalf of Terry Parker |

5. The real property and appurtenances known as:

| No. | Address |
|---|---|
| 1 | 7665 Main St. South, Midvale, Utah 84047 |
| 2 | 11339 South 700 East, Sandy, Utah 84070 |
| 3 | 1317 E. Milne Lane, Midvale, UT 84047 |

6. All property traceable to the property listed above.